**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

MARÍA ALEJANDRA GONZÁLEZ-CARPIO,

**Plaintiff,**

**v.**

BRACHA & SUCCESS ENTERPRISE LLC, *et al.*,

**Defendants.**

**Civil No.** 23-1256 (FAB)

**OPINION AND ORDER**

BESOSA, District Judge.

Defendants Barcha & Success Enterprise LLC, Infinite Success LLC, AA Cosmetics LLC, and Ariel Cosmetics, Inc. (collectively, "defendants") move for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). (Docket No. 78.)[1] Magistrate Judge Giselle López-Soler issued a report and recommendation ("R&R") regarding the defendants' summary judgment motion on November 22, 2024. (Docket No. 115.) For the reasons set forth below, the R&R is **ADOPTED IN PART** and **REJECTED IN PART.**

## I. Background

The defendants provide spa services and sell skincare products at the Mall of San Juan and Plaza las Ámericas. Id. at p. 3. On March 16, 2021, the defendants hired plaintiff María

[1] The defendants "assume that they constitute a joint and/or single employer" for "summary judgment purposes." (Docket No. 78 at p. 2.)

González-Carpio ("González") as a full-time receptionist. Id. at pp. 4 and 7. González signed an employment agreement, acknowledging that insubordination "could lead to disciplinary action such as termination." Id. at p. 4. This agreement also contained confidentiality and non-compete provisions. Id. at pp. 4-5. González subsequently "held several job positions for [the] Defendants, including receptionist, telemarketing, 'open wallet' or sales, and storekeeper in their Forever Flawless and Orogold stores." Id. at p. 7.

González received and signed a written reprimand on April 15, 2021 for "inadequate conduct and behavior towards a client." Id. at p. 10. Two months later, González received a second written reprimand for violating the dress code. Id. The defendants issued no other reprimands to González. Id. She completed her nine-month probationary period on December 16, 2021. Id.

González learned that she was pregnant on October 31, 2021. Id. She then "verbally informed [the defendants] that her expected delivery date was July 22, 2022." Id. The defendants "did not ask [González] for a medical certification of her pregnancy." Id. at p. 11.

González's supervisor transferred her from the sales floor to the reception area as a "reasonable accommodation" in December 2021. Id. at p. 8. She did not object to this accommodation.

Id. The defendants also modified González's schedule, decreasing her workweek by six (6) hours. Id. at p. 9.

The defendants subsequently transferred González from the Plaza las Américas location to the Forever Flawless store at the Mall of San Juan "[around] Christmas of 2021." Id. at p. 11. As a storekeeper at Forever Flawless, González worked on "weekdays from 1:00 p.m. to 9:00 p.m." Id. The defendants reiterated that the storekeeper position served as a "reasonable accommodation." Id.

González sent the defendants a medical certificate *via* WhatsApp on March 16, 2022. Id. This certificate stated that González was 23 weeks pregnant. Id. In May 2022, the defendants "inquired when [González] would stop working and commence enjoying the benefits of maternity leave." Id. González answered that she would not take leave "for another few weeks." Id. Two weeks later, the defendants again asked González when she intended to commence her maternity leave. Id. González answered, "not for another few weeks." Id.

On May 20, 2022, the defendants requested that González attend a meeting "to discuss a non-compete incident." Id. This incident concerned González's "Baddies Glow" business. Id. Her Instagram page advertised certain beauty services, including lash lift, brow lamination, and manicures. Id. at p. 12. González emphasized

that the defendants "did not offer" manicure or eyebrow services. Id. The defendants then provided González with a termination letter, notifying her of the "company's decision to dismiss her from employment effective the following day." Id. The termination letter stated that González would receive payment for her maternity leave. Id. She did not, however, receive this payment until she commenced this civil action. Id. González gave birth on July 7, 2022. Id.

González filed suit on May 19, 2023 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. sections 2000-e, *et seq.* ("Title VII"), and the Pregnancy Discrimination Act of 1978, 42 U.S.C. section 2000-e(K) ("PDA"). (Docket No. 1.) She also invokes this Court's supplementary jurisdiction, asserting causes of action pursuant to Puerto Rico Laws Ann. tit. 29, sections 146-151 ("Law 100"), Puerto Rico Laws Ann. tit. 29, sections 1321-1341 ("Law 69"), Puerto Rico Laws Ann. tit. 29, sections 467-474 ("Law 3"), Puerto Rico Laws Ann. tit. 29, sections 185a-185m ("Law 80"), and Article II, Section I of the Puerto Rico Constitution. Id.

On September 16, 2024, the defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket No. 78.) González responded, the defendants replied, and she filed a sur-reply. (Docket Nos. 92, 98, and 103.)

## II. Legal Standard

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a); Loc. Rule 72(b). Any party adversely affected by the R&R may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Rule 72(d). See 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarría v. Pichis, Inc., 698 F. Supp. 2d 262, 264 (D.P.R. 2010) (Domínguez, J.); Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (García, J) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

Failure to comply with this rule precludes further review. See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987). In conducting its review, a court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a)(b)(1); Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Álamo Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). Furthermore, the Court may accept those parts of

the report and recommendation to which the parties do not object. See Hernández-Mejías v. General Elec., 428 F.Supp.2d 4, 6 (D.P.R. 2005) (citing Lacedra v. Donald W. Wyatt Detention Facility, 334 F. Supp. 2d 114, 125-126 (D.R.I. 2004)).

**III. Summary Judgment Standard**

A court will grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Dunn v. Trs. of Bos. Univ., 761 F.3d 63, 68 (1st Cir. 2014) (internal citation omitted).

The role of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Tobin v. Fed. Exp. Corp., 775 F.3d 448, 450 (1st Cir. 2014) (internal citation omitted). The party moving for summary judgment has the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact" with definite and competent evidence. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). The movant must identify "portions of 'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any'" which support its motion. Celotex, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).

Once a properly supported motion has been presented, the burden shifts to the nonmovant "to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (internal citation omitted). "When the nonmovant bears the burden of proof on a particular issue, [he or] she [or it] can thwart summary judgment only by identifying competent evidence in the record sufficient to create a jury question." Tobin, 775 F.3d at 450-51. A court draws all reasonable inferences from the record in the light most favorable to the nonmovant, but it disregards unsupported and conclusory allegations. McGrath v. Tavares, 757 F.3d 20, 25 (1st Cir. 2014).

Local Rule 56 governs the factual assertions made by both parties in the context of summary judgment. Loc. Rule 56; Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). The Rule "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute." CMI Capital Market Inv. v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008). The movant must submit factual assertions in "a separate, short, and concise

statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). The nonmovant must "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56(c). The movant may reply and admit, deny, or qualify the opponent's newly-stated facts in a separate statement and by reference to each numbered paragraph. Loc. Rule 56(d). Facts which are properly supported "shall be deemed admitted unless properly controverted." Loc. Rule 56(e); P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 130 (1st Cir. 2010).

At the summary judgment stage, a "party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The nonmovant is not required, however, to "produce evidence in a form that would be admissible at trial in order to avoid summary judgment." Celotex, 477 U.S. at 324 (internal quotation marks and citation omitted). An objection to the admissibility of evidence must "not [be] that the material 'has not' been submitted in admissible form, but that it 'cannot' be." S.E.C. v. Ramírez, 2018 WL 2021464, at *6 (D.P.R. Apr. 30, 2018) (Delgado-Hernández, J.) (internal citations omitted). The objecting party must explain why the evidence could not be presented in an admissible form at trial. See Int'l Shipping

Agency, Inc. v. Unión de Trabajadores de Muelles Loc. 1740, 2015 WL 5022794, at *3 (D.P.R. Aug. 21, 2018) (Carreño-Coll, Mag. J.) ("Because [the plaintiff] makes no argument that the defendants' evidence could not be authenticated, its objection should be denied."); see also González-Bermúdez v. Abbott Laboratories P.R. Inc., 214 F. Supp. 3d 130, 137 (D.P.R. 2016) (Pérez-Giménez, J.).

## IV. The Title VII Causes of Action

González asserts two causes of action pursuant to Title VII. (Docket No. 1 at p. 6.) First, she contends that the defendants engaged in sex discrimination. Id. Second, González argues that the defendants violated the anti-retaliation provision of Title VII. Id.

### A. Discrimination Based on Sex

Title VII prohibits employers from "discharge[ing] any individual . . . because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000). "Because of sex" encompasses discrimination based on "pregnancy, childbirth, or related medical conditions." Santiago-Ramos, 217 F.3d at 53 (quoting 42 U.S.C. § 2000e(k)). While "[a] Title VII sex discrimination claim may be proven with direct evidence of discrimination, such as 'an admission by the employer that it explicitly took actual or anticipated pregnancy into account in

reaching an employment decision[,]' [s]uch 'smoking gun' evidence is rare." Id. (internal citations omitted). Accordingly, sex discrimination may be proven through circumstantial evidence. Id.

The three-step burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), controls the Court's analysis. See Santiago-Ramos, 217 F.3d at 53; see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993).

> An employee alleging sex discrimination must first establish a *prima facie* case by showing that: (1) [he or] she belonged to a protected class, (2) [he or] she performed [his or] her job satisfactorily, (3) [his or] her employer took an adverse employment decision against [him or] her, and (4) [his or] her employer continued to have [his or] her duties performed by a comparably qualified person.

Santiago-Ramos, 217 F.3d at 54. According to the First Circuit Court of Appeals, "the *prima facie* case is a small showing, [that] is not onerous [and] easily made." Kosereis v. Rhode Island, 331 F.3d 207, 213 (1st Cir. 2003) (internal citation and quotation omitted).

An employee's demonstration of a *prima facie* case creates a "rebuttable presumption that the employer unlawfully discriminated against the employee." Santiago-Ramos, 217 F.3d at 53 (internal quotation marks and citation omitted). The burden of production then shifts to the employer: The defendants must "articulate a legitimate, non-discriminatory reason" for

terminating González. Theidon v. Harvard Univ., 948 F.3d 477, 495-96 (1st Cir. 2020) (citation omitted).[2] If the defendants do so, the "McDonnell Douglas frame work disappears, and the sole remaining issue is discrimination *vel non*." Id. (citation and quotation omitted). The final step in the McDonnel Douglas analysis requires González to establish by a preponderance of evidence that the defendants' "proffered reason is pretextual and that the actual reason for the adverse employment action is discriminatory." Id.

**1. González Sets Forth a *Prima Facie* Case of Sex Discrimination**

The magistrate judge held that González "has satisfied her *prima facie* case of pregnancy discrimination." (Docket No. 115 at p. 15.) The Court concurs with this determination. First, González belonged to a protected class (*i.e.* pregnant women). Second, she performed her duties satisfactorily. The two disciplinary incidents occurred early in her employment and before her probationary period ended. Id. Third, the defendants terminated González. Id. Fourth, the magistrate judge reasonably "[inferred] that the defendants had a continued need for someone to perform at least one of plaintiff's duties." Id.;

[2] The burden of persuasion remains with González throughout this litigation. See López-Hernández v. Terumo Puerto Rico, LLC 64 F.4th 22, 28 (1st Cir. 2023) (citation omitted).

see Cumpiano v. Banco Santander Puerto Rico, 902 F.2d 148, 155 (1st Cir. 1990) ("[A] complainant can satisfy the fourth prong of her *prima facie* case by showing that, as here, the employer had a continued need for someone to perform the same work after the complainant left.").

Defendants do not object to the magistrate judge's *prima facie* determination. They contend, however, that the "[R&R] fails to recognize that the defendants have clearly stated a non-discriminatory reason [for terminating González]." (Docket No. 124 at p. 3.) According to the defendants, they terminated González "because she clearly violated the Non-Compete Agreement by having an Instagram page that directly competed with [their businesses]." Id. at p. 4. The pertinent question at the summary judgment stage, however, is "whether or not the plaintiff has adduced minimally sufficient evidence to permit a reasonable factfinder to conclude that she was fired because of her gender." García v. Bristol-Myers Squibb Co., 535 F.3d 23, 31 (1st Cir. 2008). The magistrate judge noted that there are "weaknesses and inconsistences in [the defendants'] purported reason for termination upon which a fact finder could infer pretext." (Docket No. 115 at p. 17.) For instance, González's termination letter stated that "several audits" justified the adverse employment action. Id. at p. 16. The defendants now assert that they

terminated González because her Instagram page "directly competed with Defendants." (Docket No. 124 at p. 4.) They also contend that González refused to deactivate her "Baddies Glow" Instagram page, a purported display of insubordination. Id. The record demonstrates, however, that questions of material fact preclude dismissal of the sex discrimination cause of action. Sufficient evidence suggests that the purported reason for terminating González may, or may not be, mere pretext for discriminatory animus. For instance, González maintains that the services offered on her Instagram page differ from those provided by the defendants, rendering the non-compete provision inapplicable. (Docket No. 126 at p. 18.) A jury may concur that the beauty services provided by González posed no threat to Forever Flawless or Orogold, negating the defendants' proffered reason for terminating González. Consequently, the Court **ADOPTS** the R&R regarding the substantive Title VII cause of action. The defendants' summary judgment motion is **DENIED** with respect to the sex discrimination claim.

**2. The Retaliation Claim is Dismissed**

The magistrate judge suggests that "[summary] judgment on the Title VII retaliation claim is unwarranted." (Docket No. 115 at p. 20.) The Court disagrees with this assessment. Title VII prohibits employers from taking retaliatory action against an employee who opposes any practice or act made

unlawful by it. See 42 U.S.C. § 2000e-3. To establish a retaliation claim pursuant to Title VII, the plaintiff must demonstrate that (1) he or she engaged in a protected activity; (2) he or she suffered an adverse employment action; and (3) there was a causal connection between the adverse action and protected activity. See Salgado-Candelario v. Ericsson Caribbean, Inc., 614 F. Supp. 2d 151, 178 (D.P.R. 2008) (Delgado-Colon, J.) (citing Calero-Cerezo v. U.S. Dep't. of Justice, 355 F.3d 6, 25 (1st Cir. 2004)).

González fails to allege or proffer evidence establishing that she engaged in protected activity. The anti-retaliation provision protects only those actions "taken to protest or oppose statutorily prohibited discrimination." Fantini v. Salem State College, 557 F.3d 22, 32 (1st Cir. 2009) (citing 42 U.S.C. § 2000e-3(a)) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceedings, or hearing under [Title VII].").

The Supreme Court has construed this prohibition "broadly," holding that "when an employee communicates to her employer a belief that the employer has engaged . . . in a form of

employment discrimination, that communication virtually always constitutes the employee's opposition to the activity." Kinzer v. Whole Foods Market, Inc., 99 F.4th 105, 115 (1st Cir. 2024) (quoting Crawford v. Metro Gov't of Nashville & Davidson Cnty., 555 U.S. 271, 276-78 (2009)). For instance, filing a charge with the EEOC is protected activity. See Cherkaoui v. City of Quincy, 877 F.3d 14, 28 (1st Cir. 2017). "[Responding] to an employer's inquiries about inappropriate behavior, writing letters protesting an employer's allegedly unlawful actions, [and] picketing or boycotting an employer" also trigger the anti-retaliation provision. Kinzer, 99 F.4th at 116. González did not file a charge with EEOC. The record is devoid of any evidence suggesting that she opposed discriminatory practices prior to commencing this action.

González cites Foster v. Montana Coal Co., LLC, 830 F.3d 1178, 1188 (10th Cir. 2015), for the proposition that "a request for reasonable accommodation constitutes 'protected activity.'" (Docket No. 126 at p. 20.) She previously disclosed, however, that she "neither requested nor needed reasonable accommodation." Docket No. 92 at p. 4; see Docket No. 92, Ex. 1 at p. 33 (Plaintiff's Statement of Fact) ("The record shows that [González] did not ask for any reasonable accommodation"). González cannot simultaneously invoke contradictory facts as a

sword and a shield. She denies requesting an accommodation in opposition to summary judgment, but then reverses course to substantiate the R&R. The Court will take González at her word. Because González did not engage in protected activity, her retaliation claim is **DISMISSED.** Accordingly, the Court **REJECTS** the R&R and **GRANTS** the defendants' motion for summary judgment regarding the cause of action for retaliation.

**V. The Supplementary Claims**

The magistrate judge recommends that the Court dismiss González's claim arising pursuant to Article II, Section I of the Puerto Rico Constitution. (Docket No. 115 at p. 23.) The prohibitions set forth in this article apply only to state actors. Id. (citing Rosario-Velázquez v. Corporación Educativa Ramón Barquín, Case No. 23-1347, 2024 U.S. Dist. LEXIS 131955, at *10 n.9 (D.P.R. July 24, 2024) (Delgado-Hernández, J.). The Court concurs with this determination. Accordingly, the Court **ADOPTS** the R&R and **GRANTS** the defendants' motion for summary judgment regarding the Article II, Section I cause of action. This claim is **DISMISED.**

Law 80 is Puerto Rico's Wrongful Dismissal Act. It provides relief to employees who are terminated "without good cause" as the term is defined in the Act. P.R. Laws Ann. tit. 29, § 185a. The initial burden for a Law 80 claim rests with the plaintiff to

establish that she was dismissed without justification. Hoyos v. Telecorp Commc'n., Inc., 488 F.3d 1, 6 (1st Cir. 2007). In turn, the employer must demonstrate "by a preponderance of the evidence that the discharge was made for good cause as contemplated by Law 80." Id. Section 2 of Law 80 provides a non-exhaustive list of circumstances that constitute just cause for termination. These circumstances include:

> a) that the worker indulges in a pattern of improper or disorderly conduct; b) the attitude of the employee in not performing his work in an efficient manner, or doing it belatedly and negligently or in violation of the standards of quality of the product produced or handled by the establishment; and c) the employee's repeated violations of the reasonable rules and regulations established for the operation of the entity, provided a written copy of the rules and regulations has been opportunely furnished to the employee.

P.R. Laws Ann. tit. 29 § 185b(a)-(c). The magistrate judge correctly held that "triable issues of fact remain as to the basis for the decision to terminate Plaintiff." Docket No. 115 at p. 21; see Supra IV(A)(1). Consequently, the Court **ADOPTS** the R&R and **DENIES** the defendants' motion for summary judgment regarding the Law 80 cause of action.

The Puerto Rico laws pertaining to sex discrimination also survive the defendants' motion for summary judgment. Law 100 is a general employment discrimination statute, making it unlawful for employers to discharge or discriminate against an employee on

the basis of age, race, color, religion, sex, social or national origin, or social condition. P.R. Laws Ann. tit 29, § 146. This statute is analogous to Title VII in many respects." Pérez-Cordero v. Wal-Mart Puerto Rico, Inc., 656 F.3d 19, 26 n.10 (1st Cir. 2011) (citing Monteagudo v. Asociación de Empleados del Estado Libre Asociado de P.R., 554 F.3d 164, 169 n.3 (1st Cir. 2009) (describing Law 100 as an analogue to Title VII)). While Law 100 employs different presumptions and burdens of proof than Title VII, "the burden of proof on the ultimate issue remains with the plaintiff in both causes of action." Rivera-Rodríguez v. Sears Roebuck de Puerto Rico, Inc., 432 F.3d 379, 383 n.2 (1st Cir. 2005). Questions of material fact remain regarding the defendants' proffered reason for terminating González. See Supra IV(A)(1). This same rationale is applicable to the Law 69 and Law 3 analyses. See P.R. Laws Ann. tit. 29, § 1321 (prohibiting gender discrimination); P.R. Laws Ann. tit. 29, § 1321 (prohibiting pregnancy-based discrimination). Consequently, the Court **ADOPTS** the R&R and **DENIES** the defendants' motion for summary judgment regarding the Law 100, Law 68, and Law 3 causes of action.

Like Title VII, Law 115 prohibits employers from retaliating against employees "for engaging in protected activities." Salva v. Eagle Global Logistics, Case No. 04-2280, 2006 U.S. Dist. LEXIS 66837, at (D.P.R. Sept. 18, 2006) (Laffitte, J.); see P.R. Law.

Ann. tit. 29, § 194a. The federal and Puerto Rico statutes are coterminous. See Vélez v. Jannsen Ortho, LLC, 467 F.3d 802, 809 (1st Cir. 2006). Accordingly, the Court **REJECTS** the R&R and **GRANTS** the defendants' motion for summary judgment regarding the Law 115 cause of action for retaliation.

**III. Conclusion**

For the reasons set forth above, the R&R is **REJECTED IN PART** and **ADOPTED IN PART.** (Docket No. 115.) Consequently, the defendants' motion for summary judgment is **DENIED IN PART** and **GRANTED IN PART.** (Docket No. 78.)

The substantive Title VII cause of action alleging sex discrimination remains before the Court. The Law 80, Law 100, Law 69, and Law 3 causes of action also survive the defendants' motion for summary judgment.

The anti-retaliation causes of action arising pursuant to Title VII and Law 115 are **DISMISSED.** The Article II, Section I cause of action is also **DISMISSED.**

Partial judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 17, 2025.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE