IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Maria Alejandra González-Carpio<br>Plaintiff<br><br>v.<br><br>Bracha & Success Enterprise LLC, et al.<br>Defendants | Civil No. 23-1256 (FAB) |

**REPORT AND RECOMMENDATION**

On April 25, 2025, Plaintiff filed a motion *in limine* at Docket No. 153. Defendants opposed at Docket No. 155. The matter was referred to me for a Report and Recommendation. Docket No. 158. For the reasons discussed below, I recommend that the motion *in limine* at Docket No. 153 be **GRANTED**.

## I. Background

On May 19, 2023, Plaintiff filed the complaint asserting claims for gender and pregnancy discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), and the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k), and retaliation in violation of Title VII. Docket No. 1. Plaintiff also asserted supplemental claims under Law No. 100 of June 30, 1959, as amended, Laws of P.R. Anno. 146, et seq., ("Law 100"), Law No. 69 of July 6, 1985, as amended, 29 Laws of P.R. Anno. 1321, et seq., ("Law 69"), Law No. 3 of March 13, 1942, as amended, 29 Laws of P.R. Anno. 467 et seq., ("Law 3"), the Puerto Rico Unjust Dismissal Act, Law 80 of May 30, 1976, as amended, 29 Laws of P.R. Anno. 185a, ("Law 80"), and Article II, Section 1 of the Constitution of the Commonwealth of Puerto Rico. Docket No. 1. At the conclusion of discovery, Defendants moved for summary judgment and partial judgment was entered dismissing Plaintiff's claims of retaliation and the cause of action under the

1

Constitution of the Commonwealth of Puerto Rico. Docket No. 128. The case will proceed to trial on the remaining causes of action.

Claims for compensatory and punitive damages under Title VII are subject to a statutory cap, the amount of which depends on the size of the employer charged with discrimination. 42 U.S.C. § 1981a(b)(3). The statute is clear that "the court shall not inform the jury of [the applicable caps]." Id. at § 1981a(c)(2). Similar caps — for claims of compensatory and punitive damages— have been incorporated to Puerto Rico law. 29 P.R. Laws Ann. § 123. The statute also provides that "[a]ny provision of law regarding unlawful discrimination or retaliation in the workplace requiring that an employee be awarded twice the damages suffered, shall remain in effect." Id. Plaintiff seeks an order from the Court preventing Defendants from mentioning the statutory damages caps and the applicable double damages multiplier in the presence of the jury. Docket No. 153. Defendants oppose arguing that a motion *in limine* is not the proper vehicle to exclude reference to the statutory caps or the double damages multiplier as any such potential references are not inadmissible evidence *per se* and "to the extent the jury is tasked with factual determinations that bear upon the application of statutory frameworks (including caps or multipliers), the Court and the parties must be free to present relevant facts and legal context." Docket No. 155.

## II.    Discussion

A motion *in limine* is "[a] pretrial request that certain inadmissible evidence not be mentioned at trial." United States v. Agosto-Vega, 731 F.3d 62, 65 (1st Cir. 2013). In support of her request, Plaintiff refers to the language of the statute, which unequivocally provides that the jury is not to be informed of the applicable caps. Plaintiff also cites to the case of Sasaki v. Class, 92 F.3d 232 (4th Cir. 1996). Albeit of the Fourth Circuit, the case of Sasaki is on point. In that case, the Fourth Circuit examined whether allowing counsel to mention the statutory caps during closing arguments constituted reversable error. Sasaki answered in the affirmative. In doing so the court expressed: "Congress clearly intended [the] restriction [in 42 U.S.C. § 1981a(c)(2)] to prohibit anyone from bringing the caps to the jury's attention." Id. at 236. To avoid having the jury "feel pressure to structure or adjust verdicts 'upward or downward' to account for the caps" the restriction that no mention be made of any such caps to the jury applies equally to the Court and counsel. Id. at 236-37 (reversing and remanding for new trial on damages because counsel at closing referred to the federal statutory caps that could be awarded, the court's

admonition to the jury not to consider arguments as evidence was insufficient to cure the error, and the error was not harmless). Defendants' response to Plaintiff's motion is unhelpful. Defendants make absolutely no effort to explain why the Court should not follow Sasaki's lead, ignore the clear language in 42 U.S.C. § 1981a(c)(2), or not extend the same reasoning to the Puerto Rico counterpart. Indeed, Defendants have not cited any case in support of their opposition that arguments on statutory caps and double damages should be presented to the jury. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (underdeveloped arguments deemed waived). And First Circuit case law supports the conclusion that the matter of allocating damages between state and federal discrimination claims to account for the applicable caps after a jury award is a job for the Court, not the jury. See Rodríguez-Torres v. Caribbean Forms Mfr., Inc., 399 F.3d 52, 66 (1st Cir. 2005) (sanctioning method used by the district court considering the unspecified award of the jury as fungible between the state and federal claims and allocating the award to maximize plaintiff's recovery). See also Torres v. Caribbean Forms Mfr., 286 F. Supp. 2d 209, 217 (D.P.R. Oct. 2, 2003), aff'd and remanded sub nom. Rodríguez-Torres v. Caribbean Forms Mfr., Inc., 399 F.3d 52 (1st Cir. 2005)) (case decided prior to adoption of statutory caps in 29 P.R.Laws Ann. § 123 but cited for purposes of court's methodology for allocation of damages granted by the jury); see e.g., Jelú Iravedra v. Municiaplity of Guaynabo, 2019 WL 6002104 (D.P.R., Nov. 13, 2019) (not having asked the jury to apportion the award between Title VII and the Puerto Rico claims and conducting apportionment pursuant to the Rodríguez-Torres methodology).

### III.    Conclusion

For the reasons discussed above, I recommend that the Court **GRANT** Plaintiff's motion *in limine* and issue an order preventing Defendants from mentioning the statutory damages caps and the applicable double damages multiplier in the presence of the jury.

This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), **the parties have a shortened period of seven (7) days** to file any objections to this Report and Recommendation. Failure to file timely and specific objections may be deemed waived by the District Court and claims not preserved by objections may be precluded on appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Services, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 30th day of May 2025.

s/Giselle López-Soler<br>
GISELLE LÓPEZ-SOLER<br>
United States Magistrate Judge