IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA ALEJANDRA GONZÁLEZ-CARPIO,<br><br>**Plaintiff**,<br><br>v.<br><br>BRACHA & SUCCESS ENTERPRISE LLC, *et al.*,<br><br>**Defendants**. | **Civil No.** 23-1256 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

Before the Court is Bracha & Success Enterprise LLC, Infinite Success LLC, AA Cosmetics LLC, and Ariel Cosmetics, Inc.'s (collectively, "defendants") objection to Magistrate Judge Giselle López-Soler's Report and recommendation concerning plaintiff Maria Alejandra González-Carpio's ("plaintiff") motion *in limine* at docket no. 153. (Docket No. 179.) Plaintiff opposed defendants' objections. (Docket No. 180.) For the following reasons, the Court rejects defendants' objections, **ADOPTS** the report and recommendation in full, and **GRANTS** plaintiff's motion *in limine*.

Plaintiff's motion *in limine* seeks to prevent the parties from discussing statutory damages caps applicable to her claims in front of the jury. Plaintiff brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), Puerto Rico Law 100 (P.R. Laws Ann. tit. 29, § 146, *et seq.*), Puerto Rico Law 69 (P.R. Laws

Civil No. 23-1256 (FAB)                                                    2

Ann. tit. 29, § 1321, *et seq.*), Puerto Rico Law 3 (P.R. Laws Ann. tit. 29, § 467, *et seq.*), and Puerto Rico Law 80 (P.R. Laws Ann. tit. 29, § 185a, *et seq.*).  Both Title VII and the Puerto Rico workplace discrimination laws listed above contain statutory caps for certain categories of damages.  See 42 U.S.C. § 1981a(b)(3); P.R. Laws Ann. tit. 29, § 123.  Title VII contains a rule instructing courts to avoid discussing the statutory caps in front of the jury, since it could prejudice their analysis of damages. 42 U.S.C. § 1981a(c)(2); see Hernández-Miranda v. Empresas Díaz Massó, Inc., 651 F.3d 167, 173 (1st Cir. 2011) ("The caps [] are for the court, not the jury, to apply.")  The Puerto Rico laws, however, do not contain a similar prohibition on discussing the damages caps.

    Regardless, the Magistrate Judge recommended granting plaintiff's motion with respect to both the claims under Title VII and the claims under Puerto Rico law.  Defendants concede that the Title VII statutory damages caps should not be discussed in front of the jury.  They disagree, however, with the prohibition on discussing the statutory damages caps on the Puerto Rico law claims.

    The Court agrees with the Magistrate Judge.  Puerto Rico's workplace antidiscrimination laws contain explicit indications that they should be interpreted consistently with federal

Civil No. 23-1256 (FAB)                                                      3

workplace discrimination laws, unless Puerto Rico law expressly requires a different interpretation. <u>See</u> P.R. Laws Ann. tit. 29, § 122*l*, P.R. Laws Ann. tit. 29, § 123a.  The statutory caps themselves are identical in amount to those under Title VII. <u>Compare</u> 42 U.S.C. § 1981a(b)(3), <u>with</u> P.R. Laws Ann. tit. 29, § 123.  That the Puerto Rico legislature did not indicate whether the caps should be disclosed to the jury is not surprising given that civil cases in Puerto Rico courts are tried to the bench. There are no juries in Puerto Rico civil cases.

Discussing statutory damages caps in front of the jury is also disfavored in federal courts.  <u>See Evans v. Avery</u>, 100 F.3d 1033, 1040 (1st Cir. 1996) ("The wisdom of telling a jury about such a statutory limitation is debatable, and we do not recommend the practice.")  The rationale advanced in the Title VII context – "to ensure that no pressure, upward or downward, will be exerted on the amount of jury awards by the existence of the statutory limitations" - is equally applicable to the Puerto Rico law claims. <u>Hernández-Miranda</u>, 651 F.3d at 173 (internal quotation marks omitted).  The Court adds that discussing caps in the context of the Puerto Rico law claims while staying silent about the same caps on the Title VII claims could confuse the jury.  Therefore, the probative value of discussing the caps is substantially

<u>Civil No. 23-1256 (FAB)</u>                                                  4

outweighed by these potential prejudicial effects.  <u>See</u> Fed. R. Evid. 403.

For the above reasons, the Court **ADOPTS** the Magistrate Judge's report and recommendation in full (Docket No. 171) and **GRANTS** the plaintiff's motion *in limine*.  (Docket No. 153.)  The parties are prohibited from mentioning either the federal or Puerto Rico statutory damages caps in front of the jury.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, June 4, 2025.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE