IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARÍA ALEJANDRA GONZÁLEZ-CARPIO,<br><br>**Plaintiff,**<br><br>v.<br><br>BRACHA & SUCCESS ENTERPRISE LLC, *et al.,*<br><br>**Defendants.** | **Civil No.** 23-1256 (FAB) |

**OPINION AND ORDER**

BESOSA, Senior District Judge.

Before the Court is plaintiff María Alejandra González-Carpio ("González")'s motion for attorney fees. (Docket Nos. 242; 255.) González also requests the Court to tax certain litigation costs against the defendants. (Docket No. 211.) For the following reasons, plaintiff's motion for attorney fees is **GRANTED IN PART** and **DENIED IN PART**, and her request to tax costs is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is awarded a total of $158,522.50 in attorney fees and $1,464.50 in costs.

## I.  Background

González sued defendants Bracha & Success Enterprise LLC, Infinite Success LLC, AA Cosmetics LLC, and Ariel Cosmetics, Inc. (collectively, "defendants") for terminating her employment based on her gender and pregnancy in violation of Title VII of the Civil Rights Act of 1968, 42 U.S.C. sections 2000-e, *et seq.* ("Title

VII"), the Pregnancy Discrimination Act of 1978, 42 U.S.C. section 2000-e(K), Puerto Rico Laws Ann. tit. 29, sections 146-151 ("Law 100"), Puerto Rico Laws Ann. tit. 29, sections 1321-1341 ("Law 69"), Puerto Rico Laws Ann. tit. 29, sections 467-474 ("Law 3"), Puerto Rico Laws Ann. tit. 29, sections 185a-185m ("Law 80"), Puerto Rico Laws Ann. tit. 29, sections 194-194b ("Law 115"), and Article II, Section I of the Puerto Rico Constitution. See Docket No. 1.  The Court granted summary judgment to defendants on González's retaliation claims pursuant to Title VII and Puerto Rico Law 115, and on her Puerto Rico Constitutional claim, while allowing the rest of her claims to proceed to trial.  See Docket No. 127, González-Carpio v. Bracha, Civil No. 23-1256, 2025 U.S. Dist. LEXIS 9596, at *18 (D.P.R. Jan. 17, 2025) (Besosa, J.).

On June 11, 2025, after a three-day trial, the jury found for González on all of her claims.  See Docket No. 199.  The jury awarded her $65,000 in back pay, $0 in "[c]ompensatory damages other than Back Pay," and $650,000 in punitive damages.  Id.  The Court subsequently allocated her $650,000 punitive damages award to her Title VII claim, along with $1.00 from the back-pay award. See Docket No. 238, González-Carpio v. Bracha & Success Enter. LLC, 811 F. Supp. 3d 261, 271-72 (D.P.R. 2025) (Besosa, J.).  The rest of the back-pay award, $64,999, was allocated to her Puerto Rico law claims.  Id.  After applying the Title VII statutory cap

Civil No. 23-1256 (FAB)                                                    3

and Puerto Rico law double damages multiplier, her total award was calculated at $179,999.  Id.

González now seeks attorney fees and costs from the defendants.  She seeks a total of $185,689.50 in attorney fees and $2,981.88 in costs.   (Docket Nos. 211; 242; 255.)   Defendants oppose awarding González's claimed attorney fees in full, see Docket No. 250, but did not respond to her request to tax costs.

## II.  Legal Standard

Federal Rule of Civil Procedure 54 "allows a prevailing party to move for attorneys' fees after the entry of judgment."  Cheng v. Neumann, 106 F.4th 19, 23 (1st Cir. 2024).  "The default rule in American litigation is that all litigants must pay their own fees."  Fontanillas-López v. Bauzá-Cartagena, 832 F.3d 50, 59 (1st Cir. 2016).  Title VII provides an exception; it allows a court to award "the prevailing party . . . a reasonable attorney's fee[.]" 42 U.S.C. § 2000e-5(k).

In general, "the trial court's discretion in respect to fee awards is extremely broad."  Pérez-Sosa v. Garland, 22 F.4th 312, 320 (1st Cir. 2022) (internal quotation marks omitted).  "[T]he method of choice for calculating fee awards" in Title VII cases is the lodestar method.  Id. at 321.  Pursuant to the lodestar method, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate."  Efron v. Mora Dev. Corp.,

Civil No. 23-1256 (FAB)                                                    4

44 F.4th 72, 76 (1st Cir. 2022).  "The court may then elect to adjust the lodestar amount, either upward or downward, if the specific circumstances of the case warrant such an adjustment." Pérez-Sosa, 22 F.4th at 321.

The Court determines the number of hours reasonably expended by looking at the attorney's billing records for the case.  See P.R. Soccer League NFP, Corp. v. Federación Puertorriqueña de Fútbol, Civil No. 23-1203 (RAM), 2025 U.S. Dist. LEXIS 188130, at *6 (D.P.R. Sept. 23, 2025) (Arias, C.J.) ("[A]ttorneys should submit a full and precise accounting of their time, including specific information about number of hours, dates, and the nature of the work performed.")  Hours that are "excessive, redundant, or otherwise unnecessary" are excluded.  Pérez-Sosa, 22 F.4th at 321. "Time records that are too generic and insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like[,] should be discounted or disallowed[.]" García-Colón v. Corp. of the State Ins. Fund, Civil No. 21-1211 (RAM), 2024 U.S. Dist. LEXIS 201549, at *8 (D.P.R. Nov. 4, 2024) (Arias, C.J.) (citing Pérez-Sosa, 22 F.4th at 330) (internal quotation marks omitted).

"District courts have wide discretion in selecting fair and reasonable hourly rates for attorney time." Pérez-Sosa, 22 F.4th at 326.  A reasonable hourly rate is "often benchmarked to the

prevailing rates in the community for lawyers of like qualifications, experience, and competence." Id. at 321. "A court may assign different rates to time spent in-court and out-of-court, with in-court time carrying a higher hourly rate than out-of-court time." García-Colón, 2024 U.S. Dist. LEXIS 201549, at *14. An attorney's rate increases over time as he or she gains experience. See Bd. of Trs. v. ILA Loc. 1740, AFL-CIO, Civil No. 18-1598 (SCC), 2022 U.S. Dist. LEXIS 179791, at *11 (D.P.R. Sept. 30, 2022) (Carreño, J.) The hourly rate may also be adjusted upward or downward to account for whether the issues in the case were straightforward or complex. See Pérez-Sosa, 22 F.4th at 325 ("[T]he reasonable hourly rate in any given case will vary depending on the nature of the work[.]") (internal quotation marks omitted).

"Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Although Rule 54(d)(1) does not specify what costs are allowed, '28 U.S.C. § 1920 now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party.'" Aponte-Rivera v. DHL Sols. (USA), Inc., No. 07-C-1950, 2010 U.S. Dist. LEXIS 55857, at *3 (D.P.R. Jun. 1, 2010) (Leinenweber, J.) (quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440

Civil No. 23-1256 (FAB)                                                     6

(1987)).  Clerk fees, fees for transcripts "necessarily obtained

for use in the case," and interpreter fees are each taxable under

28 U.S.C. § 1920.

## III. Discussion

González, as the prevailing party, requests a total attorney

fee award of $185,689.50.  Attorney Enrique J. Mendoza-Méndez

("Mendoza-Méndez") claimed 46.3 hours of in-court work and 312.4

hours of out-of-court work.  (Docket No. 112-4 at p. 2.)  He

requests a rate of $350 per hour for in-court work and $325 per

hour for out-of-court work, for a total fee of $117,735.00.  Id.

Attorney Enrique J. Mendoza-Sánchez ("Mendoza-Sánchez") claimed

46.3 hours of in-court work and 196.4 hours of out-of-court work.

Id. at p. 3.  He requests a rate of $250 per hour for in-court

work and $225 per hour for out-of-court work, for a total fee of

$55,765.00.   Id.   Attorney  Gilberto  J.  Oliveras-Maldonado

("Oliveras-Maldonado") claimed 39.3 hours of in-court work and

18.7 hours of out-of-court work.  Id. at p. 4.  He requests a rate

of $215 per hour for in-court work and $200 per hour for out-of-

court work, for a total fee of $12,189.50.  Id.

González also requests a total of $2,981.38 in costs to be

taxed to the defendants.  See Docket No. 211.  These are for clerk

fees  ($402.00),  deposition  transcripts  ($1,516.88),  and

interpreter fees ($1,062.50).  (Docket No. 211-1 at p. 4.)

Defendants argue that the attorney fee award should be substantially lower than González proposes.  (Docket Nos. 250; 260.)  First, they argue that González should only receive 25 percent of her final damages award of $179,999, which is the typical attorney fee award for Puerto Rico employment law claims. (Docket No. 260 at pp. 2-5.)  Second, they argue that the attorney fee award should not include compensation for time spent working on González's unsuccessful retaliation and Puerto Rico constitutional claims.  Id. at pp. 5-6.  Third, they argue that attorney Oliveras-Maldonado's hours should not be credited because his time spent working the case was duplicative and redundant. Id. at pp. 6-8.  Fourth, they argue that the hourly rates proposed by González are inappropriately high.  Id. at pp. 8-9.  Fifth, they argue that the overall fee award is disproportionate to the degree of success obtained.  Id. at pp. 9-11.  Defendants do not oppose González's request for costs.

## A.   Defendants' Arguments

The Court will quickly address defendants' arguments against awarding González's requested attorney fees in full.  The Court starts by rejecting defendants' contention that González's attorney fee award should be limited to 25 percent of her damages. The Court has substantial discretion when calculating a reasonable attorney fee award, and it is the lodestar method that is typically

Civil No. 23-1256 (FAB)                                                    8

favored for Title VII cases, not the 25 percent rule from Puerto Rico law.  See Pérez-Sosa, 22 F.4th at 320-21.  Defendants need not have litigated obstinately to render the lodestar approach appropriate.

The Court also rejects defendants' argument that the Court should exclude from the fee award all time spent litigating González's unsuccessful retaliation and Puerto Rico constitutional claims.  Defendants cite Hensley v. Eckerhart for the proposition that "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved . . . and therefore no fee may be awarded for services on the unsuccessful claim."  461 U.S. 424, 435 (1983) (internal quotation marks omitted).  Hensley also notes, however, that "[w]here a plaintiff has obtained excellent results, his [or her] attorney should recover a fully compensatory fee" and that "[i]n these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."  Id.  The Court sees González's case as closer to the latter characterization and declines to discount her attorney fee award based on her failure to prevail on her retaliation and Puerto Rico constitutional claims.

The Court finds some merit in defendants' remaining arguments with respect to overstaffing, reasonable hourly rates,

Civil No. 23-1256 (FAB)                                                    9

and the size of the overall attorney fee award.  These points have been considered in the Court's lodestar analysis below.

### B.    Number of Hours Reasonably Expended

The Court will adjust the hours claimed by González's attorneys pursuant to the table below.  Each entry listed will be credited with the number of hours displayed in the "Court's Adjusted Hours" column.  Any entry not listed in the table will be credited in full.

| Date | Timekeeper | Description | Hours Claimed | Court's Adjusted Hours |
|------|-----------|-------------|---------------|------------------------|
| 1/16/2024 | Mendoza-Méndez | Prepared for the Rule 30(b)(6) deposition, reviewing discovery responses. | 2.1 | 1.1 |
| 1/17/2024 | Mendoza-Méndez | Prepared for the Rule 30(b)(6) deposition by reviewing pleadings, discovery responses, and document production. | 2.7 | 1.4 |
| 6/4/2024 | Mendoza-Méndez | Draft letter to defendants regarding follow up to supplement to initial disclosures and Rule 30b6; Draft objections to second request for production of documents - Infinite Success; Draft objections to answer to interrogatories and request for production of documents - Ariel Cosmetics; Draft objection to answers to interrogatories and request for production of documents - Infinite Success | 6.5 | 3.3 |
| 1/16/2024 | Mendoza-Sánchez | Prepared for the Rule 30(b)(6) deposition, reviewing discovery responses, identifying key examination topics, and organizing evidence to support Plaintiff's lines of questioning. | 3.0 | 1.5 |
| 1/17/2024 | Mendoza-Sánchez | Prepared for the Rule 30(b)(6) deposition by reviewing pleadings, discovery, responses, and document production, and organizing examination topics and supporting evidence. | 4.9 | 2.5 |

Civil No. 23-1256 (FAB)                                                    10

| Date | Timekeeper | Description | Hours Claimed | Court's Adjusted Hours |
|------|-----------|-------------|---------------|------------------------|
| 6/9/2025 | Oliveras-Maldonado | Jury trial day 1 | 10.0 | 0.0 |
| 6/10/2025 | Oliveras-Maldonado | Jury trial day 2 | 10.5 | 0.0 |
| 6/11/2025 | Oliveras-Maldonado | Jury trial proceedings on Day 3, including receipt of the verdict | 13.0 | 0.0 |

The Court adjusts downward by 50 percent the hours claimed on January 16 and 17, 2024 by Mendoza-Méndez and Mendoza-Sánchez for Rule 30(b)(6) deposition preparation.  These entries do not reference which deposition the attorneys were preparing for, and discounting is appropriate because the lack of detail renders it difficult for the Court to determine whether the amount of time claimed was reasonable.  The Court also discounts Mendoza-Méndez's June 4, 2024 omnibus entry.  This entry bills a collective 6.5 hours for several distinct tasks.  Because the Court cannot separate these tasks and assess whether the time spent on each was reasonable, this entry will also be discounted by 50 percent.

Attorney Oliveras-Maldonado joined the litigation team shortly before trial.  Although he billed over thirty hours for attending the trial, he did not examine any witnesses or otherwise speak, apart from stating his name.  His presence at trial as a third attorney was excessive and redundant.  Accordingly, Oliveras-Maldonado's hours billed in-court will be reduced to 5.8 hours, which were billed for participating in a settlement

Civil No. 23-1256 (FAB)                                                    11

conference on April 16, 2025 and a pre-trial hearing on June 2, 2025.[1]  See Docket No. 255-4 at pp. 10-11.

Last, as will be discussed further below, the Court separates hours spent preparing the attorney fee and costs petitions from the out-of-court billing totals because this time will be compensated at a lower hourly rate.

The following table summarizes the hours that the Court will credit in calculating plaintiff's attorney fee award:

| Attorney | Hours In Court | Hours Out of Court | Hours on Attorney Fee and Costs Petitions |
| --- | --- | --- | --- |
| Mendoza-Méndez | 46.3 | 295.8 | 11.1 |
| Mendoza-Sánchez | 46.3 | 189.7 | 2.8 |
| Oliveras-Maldonado | 5.8 | 18.7 | 0.0 |

### C.    Reasonable Hourly Rates

Plaintiff's proposed hourly rates ($350 for in-court work, $300 for out-of-court work for Mendoza-Méndez, $250 for in-court work, $225 for out-of-court work for Mendoza-Sánchez, and $215 for in-court work, $200 for out-of-court work for Oliveras-Maldonado) are on the higher end for rates in this district. See, e.g., García-Colón, 2024 U.S. Dist. LEXIS 201549, at *17-18 (awarding the lead attorney $335 per hour for in-court work and $320 per hour for out-of-court work, and a junior partner $210 per

---

[1] The Court declines to go further and strike all of Oliveras-Maldonado's hours from the fee award.  The total number of hours he billed is modest and the Court has no reason to doubt that he did, in fact, assist in trial preparation out of court.

Civil No. 23-1256 (FAB)                                                  12

hour for in-court work and $195 per hour for out-of-court work); Carrero v. Molina Healthcare of P.R., Inc., 737 F. Supp. 3d 135, 146 (D.P.R. 2024) (Arias, C.J.) ("In the District of Puerto Rico, an approximate range of typical rates for highly experienced attorneys is $250-300, for associates $150-200, and for paralegals and law clerks $50-100"); ILA Loc. 1740, AFL-CIO, 2022 U.S. Dist. LEXIS 179791, at *10-11 (awarding Mendoza-Méndez $300 per hour for in-court work and $275 per hour for out-of-court work).  Although both Mendoza-Méndez and Mendoza-Sánchez have extensive experience and notable credentials, the Court will adjust their hourly rates downward to bring them into line with the district's prevailing rates for similarly qualified attorneys.  Additionally, a lower rate is warranted for time spent preparing the attorney fee and costs petitions currently before the Court.  See Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008) ("Because litigating a fee petition is typically an uncomplicated exercise, fees for such work are often calculated at lower rates than those deemed reasonable for the main litigation.")  Accordingly, the Court will compensate each attorney at the rates indicated below:

| Attorney | Hourly Rate (In-Court) | Hourly Rate (Out-of-Court) | Hourly Rate (Attorney Fee and Costs Petitions) |
|---|---|---|---|
| Mendoza-Méndez | $325 | $300 | $150 |
| Mendoza-Sánchez | $225 | $200 | $100 |
| Oliveras-Maldonado | $200 | $175 | N/A |

Civil No. 23-1256 (FAB)                                                    13

### D.    Computation

Multiplying the adjusted hours by the adjusted hourly rates yields an overall attorney fee award of $158,522.50, broken down as follows:

- For Mendoza-Méndez, $15,047.50 for in-court work, $88,740.00 for out-of-court work, and $1,665.00 for preparing the attorney fee and costs petitions, for a total of $105,452.50;

- For Mendoza-Sánchez, $10,418.00 for in-court work, $37,940.00 for out-of-court work, and $280.00 for preparing the attorney fee and costs petitions, for a total of $48,637.50; and

- For Oliveras-Maldonado, $1,160.00 for in-court work and $3,273.00 for out-of-court work, for a total of $4,433.00.

### E.    Costs

González requests a total of $2,981.38 in costs to be taxed to the defendants.  (Docket No. 211.)  These include $402.00 in filing fees, $1,062.50 in interpreter fees, and $1,516.38 in deposition transcript fees.  Id.  The Court finds that the filing fees and interpreter costs are taxable pursuant to 28 U.S.C. § 1920 and awards them to González in full.  The deposition transcripts, however, have not been shown to have been "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  They were not admitted as trial exhibits, and González does not make a showing that they were used at trial or necessary at the time they were taken.  See Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth., 193 F.R.D. 26,

Civil No. 23-1256 (FAB)                                                  14

38 (D.P.R. 2000) (Laffitte, J.) ("[I]f depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party.") (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985)).  Nor did González itemize the costs for each deponent, so the Court cannot individually assess whether compensation for certain transcripts is warranted and award those costs separately.  See Docket No. 211-4 at p. 2.  Accordingly, the Court will not tax the costs of the deposition transcripts to defendants.  A total of $1,464.50 in costs will be awarded.

## IV.  Conclusion

For the above reasons, González's motion for attorney fees is **GRANTED IN PART** and **DENIED IN PART**.  (Docket Nos. 242; 255.) González's request to tax costs is **GRANTED IN PART** and **DENIED IN PART**.  (Docket No. 211.)  González is awarded a total of $158,522.50 in attorney fees and $1,464.50 in costs.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 7, 2026.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE