**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

MARÍA  ALEJANDRA  GONZÁLEZ-
CARPIO,

    **Plaintiff,**

           **v.**

BRACHA  &  SUCCESS  ENTERPRISE
LLC, *et al.,*

    **Defendants.**

**Civil No.** 23-1256 (FAB)

**OPINION AND ORDER**

BESOSA, Senior District Judge.

Before the Court is plaintiff María Alejandra González-Carpio ("González")'s motion requesting execution of the judgment. (Docket No. 258.)  Also before the Court is the motion for reconsideration and to vacate or modify the order appointing a special master filed by defendants Bracha & Success Enterprise LLC, Infinite Success LLC, AA Cosmetics LLC, and Ariel Cosmetics, Inc. (collectively, "defendants").  (Docket No. 267.)  For the following reasons, González's motion requesting execution of judgment is **GRANTED**.  Defendants' motion to vacate the special master appointment is **DENIED**.

I.  **Background**

González sued defendants for terminating her employment based on her gender and pregnancy in violation of Title VII of the Civil Rights Act of 1968, 42 U.S.C. §§ 2000-e, *et seq.* ("Title VII"),

Civil No. 23-1256 (FAB)                                                    2

the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000-e(K),

Puerto Rico Laws Ann. tit. 29, §§ 146-151 ("Law 100"), Puerto Rico

Laws Ann. tit. 29, §§ 1321-1341 ("Law 69"), Puerto Rico Laws Ann.

tit. 29, §§ 467-474 ("Law 3"), Puerto Rico Laws Ann. tit. 29,

§§ 185a-185m ("Law 80"), Puerto Rico Laws Ann. tit. 29, §§ 194-

194b ("Law 115"), and Article II, § I of the Puerto Rico

Constitution.   See Docket No. 1.   The Court granted summary

judgment to defendants on González's retaliation claims pursuant

to Title VII and Puerto Rico Law 115, and on her Puerto Rico

Constitutional claim, while allowing the rest of her claims to

proceed to trial.  See Docket No. 127, González-Carpio v. Bracha,

Civil No. 23-1256, 2025 U.S. Dist. LEXIS 9596, at *18 (D.P.R.

Jan. 17, 2025) (Besosa, J.).

On June 11, 2025, after a three-day trial, the jury found for

González on each of her remaining claims.  See Docket No. 199.

The jury awarded her $65,000 in back pay, $0 in "[c]ompensatory

damages other than Back Pay," and $650,000 in punitive damages.

Id.  Judgment was entered on June 30, 2025.  (Docket No. 207.)

The Court subsequently allocated her $650,000 punitive damages

award to her Title VII claim, along with $1.00 from the back-pay

award.  See Docket No. 238, González-Carpio v. Bracha & Success

Enter. LLC, 811 F. Supp. 3d 261, 271-72 (D.P.R. 2025) (Besosa,

J.).  The rest of the back-pay award, $64,999, was allocated to

Civil No. 23-1256 (FAB)                                                           3

her Puerto Rico law claims.  Id.  After applying the Title VII statutory damages cap and Puerto Rico law double damages multiplier, her total award was calculated at $179,999.  Id.

Following the trial, defendants moved the Court for judgment in their favor notwithstanding the verdict, or alternatively for a new trial.  (Docket Nos. 222, 224.)  The Court denied these motions on December 8, 2025.  See Bracha & Success Enter. LLC, 811 F. Supp. 3d at 268-71.  González then moved for attorney's fees (Docket No. 242) and for execution of the judgment.  (Docket No. 246.)  On the same day she filed her motion to execute, however, defendants appealed the judgment to the First Circuit Court of Appeals.  See Docket No. 245.  The Court communicated to the parties that the appeal took away its jurisdiction to rule on the attorney's fees and execution of judgment motions.  (Docket No. 247.)  Several months later, on June 15, 2026, the First Circuit Court of Appeals clarified that the Court could rule on González's requests for attorney's fees and execution of the judgment notwithstanding defendants' pending appeal.  See Docket No. 251-1.  The Court subsequently ruled on González's request for attorney's fees and costs, awarding her a total of $158,522.50 in attorney's fees and $1,464.50 in costs.  See Docket No. 261, González-Carpio v. Bracha & Success Enter, LLC, Civil No. 23-1256

Civil No. 23-1256 (FAB)                                                        4

(FAB), 2026 U.S. Dist. LEXIS 152101, at *14 (D.P.R. Jul. 7, 2026) (Besosa, J.).

On July 2, 2026, González filed a new motion for execution of judgment. (Docket No. 258.) The Court noted the motion and instructed her to provide the name, address, and telephone number of a special master to be appointed by the Court to execute the judgment. (Docket No. 262.) González did so, and Mr. Felipe Rivera-Prudencio was appointed special master on July 10, 2026. (Docket Nos. 263, 264.) Following the appointment of the special master, González filed another motion to execute the judgment, which also requested execution of the recently-granted attorney's fee and costs award. (Docket No. 265.)

Defendants filed briefs opposing both the execution of judgment (Docket No. 266) and the special master appointment (Docket No. 267). Defendants bring numerous arguments as to why the motion to execute judgment should not be granted. First, they argue that they should be afforded an opportunity to be heard on a potential request to stay under Federal Rule of Civil Procedure 62 ("Rule 62"). See Docket No. 266 at pp. 3-5. Second, they argue that González's proposed order and writ of execution are deficient under the Puerto Rico Rules of Civil Procedure, both generally and because they lack an explicit dollar amount for post-judgment interest. Id. at pp. 6-7. Third, they argue that

González's proposed order and writ inaccurately recite this case's procedural background and that the writ of execution improperly copies and pastes the text of the proposed order. Id. at pp. 7-8. Fourth, they argue that inclusion of the attorney's fee award in the writ of execution is premature because less than 30 days have passed since the award was issued. Id. at pp. 5-6; see also Fed. R. Civ. P. 62(a) ("[E]xecution on a judgment and proceedings to enforce it are stayed for 30 days after its entry").

As for their challenge to the appointment of the special master, defendants argue that Mr. Rivera-Prudencio was appointed without complying with the requirements of Federal Rule of Civil Procedure 53 ("Rule 53"). See Docket No. 267 at pp. 2-4. Specifically, Mr. Rivera-Prudencio did not submit an affidavit disclosing whether any grounds exist for his disqualification pursuant to 28 U.S.C. § 455; there was no finding by the Court that a special master was needed; defendants did not receive notice and an opportunity to be heard; and the order appointing him was insufficient in identifying his role, responsibilities, and compensation. Id. Defendants also raise these points in their opposition to the proposed order and writ of execution, arguing that because the special master's appointment was improper, any proposed writ that assigns responsibilities to him is also improper. See Docket No. 266 at pp. 6-7.

Civil No. 23-1256 (FAB)                                                    6

In response to defendants' objection to including the attorney's fee award in the writ of execution, González voluntarily withdrew her most recent proposed order and writ.  See Docket Nos. 270, 279.  This leaves before the Court her proposed order and writ filed at Docket No. 258.

## II.  Discussion

Judgment in this case was entered in González's favor on June 30, 2025 – over a year ago.  (Docket No. 207.)  Defendants have not yet paid González the amount due, and González may seek a writ of execution to enforce the judgment.  See Fed. R. Civ. P. 69(a)(1).  As discussed below, the Court rejects defendants' arguments against proceeding with the writ of execution.  The Court will make a few corrections to González's proposed documents before entering the order to issue the writ of execution.

### A.   Rule 62 Stay

Defendants' first argument is that the Court should hold off on allowing González to execute the judgment until any post-judgment stay request has been considered and ruled upon.  The Court rejects this argument.

"[E]xecution on a judgment and proceedings to enforce it are [automatically] stayed for 30 days after its entry, unless the court orders otherwise."  Fed. R. Civ. P. 62(a).  After the 30-day automatic stay has expired, "a party may obtain a stay by

Civil No. 23-1256 (FAB)                                                    7

providing a bond or other security."  Fed. R. Civ. P. 62(b).  As

the Federal Rules of Appellate Procedure make clear, while an

appeal is pending, "[a] party must ordinarily move first in the

district court . . . to obtain a stay of judgment[.]"  Fed. R.

App. P. 8(a)(1).  "The burden to obtain a stay of execution rests

with [defendants]."  Rebarber-Ocasio v. Feliciano-Muñoz, No. 3:18-

cv-01218-JAW, No. 3:16-cv-02719-JAW, 2022 U.S. Dist. LEXIS 217411,

at *6 (D.P.R. Dec. 1, 2022) (Woodcock, J.) (internal quotation

marks omitted).

        Despite imploring the Court for an opportunity to be

heard on whether to stay execution, defendants have not requested

a stay pursuant to Rule 62, nor articulated what kind of financial

security they might post to justify such a stay.  The Court will

not stay execution *sua sponte*.  The mere possibility that

defendants may move to stay execution sometime in the future does

not present a reason to refrain from allowing González to execute

her judgment.  "[T]he law ministers to the vigilant[,] not to those

who sleep upon perceptible rights."  Carribbean Mgmt. Grp. V.

Erikon LLC, 966 F.3d 35, 44 (1st Cir. 2020) (quoting Puleio v.

Vose, 830 F.2d 1197, 1203 (1st Cir. 1987)).  And to the extent

defendants understood the First Circuit Court of Appeals to have

instructed the Court to evaluate whether a Rule 62 stay is

warranted without defendants needing to file a motion, they are

Civil No. 23-1256 (FAB)                                                      8

mistaken.  The court of appeals' order merely clarifies that the Court would have jurisdiction to evaluate a Rule 62 request to stay "in the event [defendants] ultimately seek relief via Rule 62."  (Docket No. 251-1 at p. 2.)  Accordingly, the Court rejects defendants' first argument against execution.

**B.    Post-Judgment Interest & Puerto Rico Rules of Procedure**

Defendants' second argument opposing execution of the judgment is that González's proposed order and writ of execution fail to comply with Puerto Rico's rules of procedure for enforcing judgments.  They raise this argument generally, and also point to the documents' lack of a specific dollar amount of post-judgment interest.  Their general assertion of incompatibility with Puerto Rico law lacks the specificity to avoid waiver.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.")  With respect to post-judgment interest, however, the Court agrees with defendants and finds that the proposed order and writ do not comply with Puerto Rico law.

The Federal Rules of Civil Procedure require that "[t]he procedure on execution [] must accord with the procedure of the state where the court, is located[.]"  Fed. R. Civ. P. 69(a)(1).  "Puerto Rico is deemed the functional equivalent of a state for the purposes of Rule 69(a)."  Whitfield v. Mun. of Fajardo, 564

Civil No. 23-1256 (FAB)                                                    9

F.3d 40, 43 n.2 (1st Cir. 2009).   Puerto Rico's rules of civil

procedure on execution of judgments state the following:

> Process to enforce a judgment or order for the payment
> of money and to collect costs awarded by the court shall
> be a writ of execution.   The writ of execution shall
> specify the terms of the judgment and the amount due.

P.R. Laws Ann. tit. 32, app. V, R. 51.2.

Rather than stating a specific dollar amount, González's

documents merely state that she is owed "[p]ost-judgment interest

pursuant to 28 U.S.C. § 1961 until the Judgment is satisfied."

See Docket No. 258-1 at p. 2; Docket No. 258-2 at p. 3.   Because

the Puerto Rico Rules of Civil Procedure clearly state that the

writ of execution must specify the amount due, González's proposed

order and writ are deficient.

This is, however, an easy mistake to fix.   Federal

statute specifies a precise method for selecting the interest rate

and calculating post-judgment interest.   See Rebarber-Ocasio, 2022

U.S. Dist. LEXIS 217411, at *7 (quoting Vázquez-Filippetti v.

Cooperativa de Seguros Múltiples de P.R., 723 F.3d 24, 28 (1st

Cir. 2013) ("Federal law, not state law, 'governs the entitlement

to postjudgment interest in any federal civil suit, including a

diversity suit such as the instant action.'").   "[I]nterest shall

be calculated from the date of the entry of the judgment, at a

rate equal to the weekly average 1-year constant maturity Treasury

Civil No. 23-1256 (FAB)                                              10

yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). "Interest shall be computed daily to the date of payment [], and shall be compounded annually." 28 U.S.C. § 1961(b). For the judgment entered on June 30, 2025, the post-judgment interest rate is 3.98%. See Board of Governors of the Federal Reserve System, H.15 Selected Interest Rates, https://www.federalreserve.gov/releases/h15/ (last accessed July 27, 2026). The Court thus calculates the total amount of post-judgment interest at $7,714.99 as of the date hereof, increasing at a rate of $20.41 per day.[1] Accordingly, the Court will enter the order reflecting the total amount of post-judgment interest accrued to this date.

C.    **Factual & Formatting Errors**

Defendants raise several purported factual and formatting errors in the proposed order and writ of execution. Because, however, González's most recent proposed documents have been withdrawn, only the following issues raised are still relevant. First, they argue that the statement that defendants "have failed to pay the sums of money adjudged to be paid under

---

[1] For the period between June 30, 2025 (entry of judgment) and June 30, 2026, a total of $7,163.96 in interest accrued ($= 1.0398 \times \$179{,}999$). For the 27-day period between June 30, 2026 and July 27, 2026, a total of $551.03 in interest accrued ($= 27 \times \frac{0.0398 \times (\$179{,}999 + \$7{,}163.96)}{365}$).

Civil No. 23-1256 (FAB)                                              11

said Judgment" is inaccurate because "[d]efendants timely appealed, and the First Circuit stayed the appeal expressly to permit Rule 62 practice[.]" (Docket No. 266 at p. 8.) Second, they argue that the proposed writ improperly copies and pastes the text of the proposed order granting the motion to execute. Id.

Neither of defendants' purported errors are, in fact, errors. With respect to the first error, González's statement is accurate. Defendants have not paid the money they owe under the judgment. The judgment was entered over a year ago and the 30-day automatic stay pursuant to Rule 62(a) has long since expired. Although defendants appealed the judgment, they did not seek a stay or post a supersedeas bond pursuant to Rule 62(b). As for defendants' second assertion of error, they fail to explain why copying and pasting the text of the proposed order in the writ of execution constitutes a deficiency. Indeed, this procedure is typical for writs of execution. Accordingly, defendants' arguments regarding the form of the recitals are unsupported.

## C.    Special Master

The Court also addresses defendants' objections to the appointment of Mr. Rivera-Prudencio as special master. Defendants argue that the order appointing Mr. Rivera-Prudencio as special master should be vacated for failure to follow the procedures set out in Rule 53. Specifically, they point to the fact that

Civil No. 23-1256 (FAB)                                               12

Mr. Rivera-Prudencio did not submit an affidavit disclosing whether there are any grounds for his disqualification under 28 U.S.C. § 455, see Fed. R. Civ. P. 53(b)(3)(A); there was no finding that a special master was needed, see Fed. R. Civ. P. 53(a)(1)(B), (C), defendants did not receive notice and an opportunity to be heard, see Fed. R. Civ. P. 53(b)(1); and the order appointing him was insufficient in identifying his role, responsibilities, and compensation, see Fed. R. Civ. P. 53(b)(1), (g). Defendants also argue that any proposed order or writ of execution giving responsibilities to the special master are improper for the same reasons.

The Court finds that defendants' arguments are misplaced. The Court did not appoint Mr. Rivera-Prudencio as special master pursuant to Rule 53. Instead, he was appointed pursuant to the Court's general equity power "to appoint an agent to supervise the implementation of its decrees[.]" Ruiz v. Estelle, 679 F.2d 1115, 1161 (5th Cir. 1982). "[R]ule 53 does not terminate or modify the district court's inherent equitable power to appoint a person, whatever be his title, to assist it in administering a remedy." Id. The special master was appointed in this case to assist in executing the judgment, including conducting any judicial sale that may be necessary. "[A]ppointments of special masters to carry out judicial sales in the execution of

Civil No. 23-1256 (FAB)                                                    13

judgments are a common occurrence." <u>CMG Caribbean Mgmt. Grp.,</u>
<u>Inc. v. Koeniger</u>, Civil Nos. 07-1615CCC, 07-1623CCC, 2015 U.S.
Dist. LEXIS 201259, at *7 (D.P.R. Feb. 25, 2015) (Cerezo, J.).
Because Mr. Rivera-Prudencio was not appointed pursuant to Rule
53, that rule's procedural prerequisites do not apply.[2]

**III. Conclusion**

For the above reasons, González's motion requesting execution
of judgment is **GRANTED**.  (Docket No. 258.)  Defendants' motion to
vacate the special master appointment is **DENIED**.  (Docket No. 267.)

Order to issue writ of execution shall be entered separately.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 27, 2026.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The proposed order and writ of execution currently before the Court at Docket No. 258 do not contain references to the special master.  The Court will add appropriate references to the order of execution before entry.