**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MARÍA ALEJANDRA GONZÁLEZ-CARPIO,<br><br>**Plaintiff,**<br><br>**v.**<br><br>BRACHA & SUCCESS ENTERPRISE LLC, *et. al.*,<br><br>**Defendants.** | **Civil No.** 23-1256 (FAB) |

# OPINION AND ORDER

BESOSA, Senior District Judge.

These proceedings concern plaintiff María Alejandra González-Carpio's attempts to collect a judgment issued after a jury verdict in her favor on her employment discrimination claim. On October 7, 2026, Attorney Enrique Del Cueto-Pérez and law firm ECIJA SBGB, representing defendants Bracha & Success Enterprise LLC, Infinite Success LLC, AA Cosmetics LLC, and Ariel Cosmetics, Inc. (collectively, the "Defendants"), filed a motion for leave to withdraw as counsel. (Docket No. 302.) In his motion, Mr. Del Cueto-Pérez specifically indicated that "Defendants remain represented in this action by Waldemar Pérez-Lebrón, Esq. who appeared for Defendants at trial and continues as counsel of record, and who has been copied on ECIJA's written communications to defendants concerning this motion. ECIJA's withdrawal does not

leave Defendants without counsel of record." Id. The Court granted the motion but stated that the only remaining attorney for defendants, Attorney Waldemar Pérez-Lebrón of WP Law Offices, would continue to represent defendants, precisely as Mr. Del Cueto-Pérez indicated in his withdrawal motion. (Docket No. 303.) Later that same day, however, Attorney Pérez-Lebrón also filed a motion to withdraw as attorney for defendants. (Docket No. 304.) On October 10, 2026, plaintiff moved to have defendants sanctioned for their failure to comply with the Court's post-judgment discovery deadline at Docket No. 301. (Docket No. 306.)

The defendants' dilatory conduct in these post-judgment proceedings leaves the Court concerned that permitting defendants' counsel to withdraw will prejudice plaintiff's ability to duly execute her judgment. For the foregoing reasons, the Court, on its own motion, **VACATES** its prior order granting Attorney Del Cueto-Pérez and ECIJA SBGB's leave to withdraw as attorney for defendants, (Docket No. 303,) **DENIES** Attorney Del Cueto-Pérez and ECIJA SBGB's motion for leave to withdraw, (Docket No. 302,) **DENIES** Attorney Pérez-Lebrón's motion for leave to withdraw, (Docket No. 304,) and **ORDERS** defendants to show cause why they should not be sanctioned for their failure to comply with post-judgment discovery.

## I. Background

After a jury trial on her employment discrimination claim, plaintiff was awarded over $180,000 in damages and post-judgment interest. See Docket No. 256. When defendants failed to pay the judgment, on July 30, 2026, the Court issued a Writ of Execution. (Docket No. 286.) That same day, defendants moved to stay execution pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 62(b), and committed to posting a supersedeas bond in the amount of $375,000 by August 10, 2026. (Docket No. 284.) On August 10, defendants moved for an extension of time by which to post the supersedeas bond, claiming that the bond was still being evaluated by the underwriter. (Docket No. 291.) The Court granted a three-day extension and stated that if no bond was posted by midnight on August 13, 2026, plaintiff would be permitted to proceed with the execution of her judgment. (Docket No. 292.)

August 13 came and went, and defendants did not post the promised bond, nor have they posted one as of the date of this order. Accordingly, plaintiff proceeded to execute her judgment. On August 17, 2026, plaintiff served post-judgment interrogatories and requests for production of documents on defendants pursuant to Fed. R. Civ. P. Rules 33, 34, and 69. See Docket No. 300. On September 16, 2026, defendants requested a one-week extension through September 23 by which to respond to plaintiff's post-

judgment discovery requests, to which plaintiff's counsel agreed. Id. As the extended deadline approached, defendants again requested, and again plaintiff accommodated, an additional one-week extension to September 28 to respond to the post-judgment discovery requests. Id.

On September 28, defendants sought yet another extension through September 30. On September 30, however, defendants did not provide responses to plaintiff's discovery requests. Instead, Attorney Del Cueto-Pérez, counsel for defendants, emailed counsel for plaintiff saying that he would not be serving responses that day and that "[w]ithin the next several days, I will file a motion [unspecified] in the District Court that bears directly on how the responses are addressed." Id. at Ex. 1. Given that she received no responses to her discovery requests, plaintiff filed a motion to compel discovery on October 1, 2026. Id. The Court granted plaintiff's motion and ordered defendants to respond to plaintiff's discovery requests by October 9, 2026. (Docket No. 301.)

On October 7, 2026, the motion to which Attorney Del Cueto-Pérez presumably was referencing in his email to plaintiff's counsel was filed — Attorney Del Cueto-Pérez and his law firm, ECIJA SBGB, moved for leave to withdraw as attorneys for defendants. (Docket No. 302.) Without revealing client details,

Attorney Del Cueto-Pérez cited as grounds for withdrawal Model Rules of Professional Conduct of the American Bar Association ("ABA Model Rules") Rule 1.16(b)(5), which permits withdrawal where the client, having received notice, fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, and Rule 1.16(b)(6), which permits withdrawal where the representation has been rendered unreasonably difficult by the client. Id. at pp. 1-2. Attorney Del Cueto-Pérez stated that he had transmitted the Court's discovery order to defendants, explained its requirements and the consequences for non-compliance, but had not yet received interrogatory answers from defendants. Id. at p. 3. Attorney Del Cueto-Pérez also indicated that he would produce to plaintiff what responsive documents defendants had delivered to him by the Court's discovery deadline of October 9, 2026. Id. That production did not occur.

The Court granted Attorney Del Cueto-Pérez leave to withdraw the same day, but ordered that defendants' only remaining attorney of record, Attorney Pérez-Lebrón, "will continue as counsel for defendants." (Docket No. 303.) Several hours later, however, Attorney Pérez-Lebrón also moved for leave to withdraw as counsel for defendants, citing the same grounds that Attorney Del Cueto-Pérez had indicated in his motion to withdraw. (Docket No. 304.) Mr. Pérez-Lebrón also assured the Court that Attorney Del Cueto-

Pérez and ECIJA SBGB, whom the Court had just permitted to withdraw, would provide what responsive documents they had to plaintiff by the discovery deadline of October 9. Id. at pp. 3-4. That production did not occur either.

While Attorney Pérez-Lebrón's motion to withdraw was pending, the October 9, 2026 discovery deadline came and went, and defendants did not provide any response to plaintiff's discovery requests. See Docket No. 306. Plaintiff has now moved for an order to show cause why defendants should not be sanctioned for their failure to comply with the Court's order to produce the discovery. Id. Plaintiff requests that defendants be ordered to provide discovery responses within forty-eight hours, identify officers with personal knowledge of defendants' financial records, be held in civil contempt, be fined with monetary penalties, and be ordered to pay plaintiff's attorney's fees and expenses. Id.

## II. Discussion

### A. Vacating the Court's Order Granting Mr. Del Cueto-Pérez's Leave to Withdraw

"A district court's power to modify its prior orders . . . turns on the same distinction that generally governs whether an order is appealable—that is, whether the order is interlocutory or final." United States v. Yalincak, 853 F.3d 629, 635 (2d Cir. 2017). While "the power to grant relief from erroneous

interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts," a district court lacks inherent authority to vacate its own final orders. Id. The basis for the Court's authority to vacate its prior order granting Attorney Del Cueto-Pérez and ECIJA SBGB leave to withdraw, then, depends on whether that order was merely interlocutory or "final."

"In postjudgment [sic] proceedings, the meaning of a 'final decision' is less clear because the proceedings necessarily follow a final judgment." Amara v. Cigna Corp., 53 F.4th 241, 249 (2d Cir. 2022) (quoting Thomas v. Blue Cross & Blue Shield Ass'n, 594 F.3d 823, 829 (11th Cir. 2010)). In determining whether a post-judgment order is "final," it "must be assessed on its own terms," and a "practical rather than a technical construction of finality is especially appropriate in the post-judgment context." Id. at 250 (quoting McClendon v. City of Albuquerque, 630 F.3d 1288, 1293 (10th Cir. 2011) (Gorsuch, J.)). As for motions for leave to withdraw as counsel, courts of appeals have generally treated such orders, both in the pre-and post-judgment context, as final orders subject to appeal. See Lieberman v. Polytop Corp., 2 F. App'x 37, 38 (1st Cir. 2001) (pre-judgment motion to withdraw was appealable final order under collateral order doctrine); Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir.

1999) (same); Erie Molded Plastics, Inc. v. Nogah, LLC, 520 F. App'x 82, 84 (3d Cir. 2013) (same); Buschmeier v. G&G Invs., Inc., 222 F. App'x 160, 162 n. 1 (3d Cir. 2007) (order denying motion to withdraw in post-judgment collection proceedings final order under collateral order doctrine); Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (same). In construing these orders as "final," courts have noted that the orders "conclusively resolved an important question entirely separate from the merits" and "that the matter will evade adequate review on appeal [because] [a]n order requiring an attorney to continue representing a client in a civil action without compensation may subject the attorney to irreparable harm and amounts to an order of specific performance." Lieberman, 2 F. App'x at 38-39.

Here, the Court's order granting Attorney Del Cueto-Pérez and ECIJA SBGB leave to withdraw as counsel constitutes a "final" order because it conclusively resolved the issue of Attorney Del Cueto-Pérez's representation of defendants and the "aggrieved party[, here, plaintiff,] would for all practical purposes be denied meaningful review" absent a direct appeal. Ohntrup, 802 F.2d at 678. Accordingly, because the Court's order was "final" it lacks the inherent authority vacate it.

Though the Court may lack inherent authority to vacate its own final order, the "final" nature of that order places it

within the scope of Fed. R. Civ. P. Rule 60. Rule 60 authorizes a district court to modify or vacate its final orders in certain circumstances. Specifically, Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons such as mistake, newly discovered evidence, and fraud. In addition to the enumerated grounds for relief, Rule 60 also authorizes a district court to revisit its final judgments or orders for "any other reason that justifies relief." Fed. R. Civ. P. Rule 60(b)(6).

While Rule 60(b) provides that relief may be granted "on motion," courts of appeals are divided over whether a motion need be made by a party, or whether a court may also grant relief on its own motion. See Ahuruonye v. United States Dep't of Interior, No. CV 16-1767, 2018 WL 11382921 at n. 8 (D.D.C. Nov. 1, 2018) (noting circuit split and collecting cases). While courts of appeals for the Sixth and Tenth Circuits have held that *sua sponte* action pursuant to Rule 60(b) is impermissible, see United States v. Pauley, 321 F.3d 578, 581 (6th Cir. 2003), Dow v. Baird, 389 F.2d 882 (10th Cir. 1968), courts of appeals for the Second, Fourth, Fifth, Seventh, Eighth, and Ninth Circuits have held that Rule 60(b) does not prohibit a court from acting on its own motion, see Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 111 (2d Cir.

2001), United States v. Jacobs, 298 F.2d 469, 472 (4th Cir. 1961), Chavez v. Balesh, 704 F.2d 774, 777 (5th Cir. 1983), Simer v. Ríos, 661 F.2d 655, 663 n. 18 (7th Cir. 1981), Pierson v. Dormire, 484 F.3d 486, 491 (8th Cir. 2007), opinion vacated in part on reh'g, 276 F. App'x 541 (8th Cir. 2008), Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 351 (9th Cir. 1999).[1] The courts approving of *sua sponte* action pursuant to Rule 60 have noted that while the text of Rule 60 could permit of either construction, practical considerations and the interests of justice favor the more liberal view. See Lake Alice Bar, 168 F.3d at 352 ("The words of the rule allow for either construction, and we conclude that the Fourth and Fifth Circuit position makes better practical

[1] Several circuits have premised their approval of *sua sponte* action pursuant to Rule 60(b) on providing the parties notice and an opportunity to be heard. See Pierson, 484 F.3d at 491-92 (noting the reasoning of the Second, Fourth, Fifth, and Ninth Circuits). The final judgments that were vacated or modified in each of those cases, however, implicated due process concerns not at issue here. For example, Chavez, 704 F.2d 774 (5th Cir. 1983), and Lake Alice Bar, 168 F.3d 347 (9th Cir. 1999), each dealt with the modification of money judgments. The Ninth Circuit held that because the judgment was a property interest, "due process generally requires notice and an opportunity to be heard before governmental deprivation of that property interest." Lake Alice Bar, 168 F.3d at 352. In Baptiste, 257 F.3d 108 (2d Cir. 2001), the district court vacated its prior judgment on remand from the court of appeals ordering it to conduct further hearings on personal jurisdiction, an issue it did not reach in its original proceedings. By contrast, in Pierson, 484 F.3d 486 (8th Cir. 2007), the district court had amended its judgment finding petitioner's *habeas* petition untimely based on an intervening change in law. The court of appeals held that any lack of notice was "at most harmless error" because the parties had fully briefed the issue earlier and any further briefing would have been a "mere formality." Id. at 492. Here, Attorney Del Cueto-Pérez's motion to withdraw does not implicate a property interest to which due process would attach, and the parties have had an opportunity to be heard on the very legal issue which the Court reconsiders, rendering further briefing a "mere formality."

sense.”); Jacobs, 298 F.2d at 472 (“The rule need not necessarily be read as depriving the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion.”)

The Court will follow the majority of circuits that have approved of *sua sponte* action pursuant to Rule 60(b) and, on its own motion, **VACATES** its prior order granting Attorney Del Cueto-Pérez and ECIJA SBGB leave to withdraw as counsel. The Court’s order was issued prior to the motion made by defendants’ last remaining attorney, Attorney Pérez-Lebrón, for leave to withdraw, notwithstanding the Court’s order that he continue to serve as counsel, and Mr. Del Cueto-Pérez’s statement that Mr. Pérez-Lebrón would continue to serve as defendant’s counsel. In light of the possibility that defendants would be left without any counsel in this proceeding, and given their failure to cooperate in post-judgment discovery, the Court finds it necessary that Attorney Del Cueto-Pérez and ECIJA SBGB’s motion to withdraw be reconsidered to ensure that plaintiff’s efforts to collect her judgment are not prejudiced by defendants’ lack of counsel.

**B. Motions to Withdraw as Attorneys**

With the Court’s prior order granting Attorney Del Cueto-Pérez and ECIJA SBGB leave to withdraw vacated, the Court

now considers (or in the case of Attorney Del Cueto-Pérez and ECIJA SBGB, reconsiders) whether either of defendants' attorneys should be permitted leave to withdraw.

The Local Rules for the United States District Court for the District of Puerto Rico provide that ethical conduct before the District of Puerto Rico is governed by the ABA Model Rules. Loc. Civ. R. 83(E)(a). ABA Model Rule 1.16(b) governs withdrawal from representation of a client and provides that a lawyer may seek to withdraw if, among other reasons, "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," or if "the representation . . . has been rendered unreasonably difficult by the client." ABA Model Rules Rule 1.16(b)(5), (6). Notwithstanding these grounds for withdrawal, Rule 1.16(c) also provides that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."

Whether to grant an attorney leave to withdraw his or her representation of a client rests within the sound discretion of the court. Reed v. Seguros Triple-S, Inc., No. 96-1171, 1997 WL 711371 at *1 (D.P.R. Oct. 24, 1997) (Casellas, J.). "In deciding whether to allow counsel to withdraw from a case, it is

incumbent upon the trial court to ensure that the withdrawal of counsel does not unduly prejudice the parties involved, as well as the management and administration of the case." Id. An additional, and equally important, consideration in the context of corporate defendants is the longstanding rule that corporations may only appear in federal court through licensed counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201–02 (1993).

In considering the motions of both of defendants' attorneys to withdraw their representation, the Court notes defendants' repeated failure to cooperate in these post-judgment proceedings. First, though representing to the Court that they would post a bond pending their appeal, they have failed to make good on their word and no bond has been posted. Second, defendants have repeatedly failed to comply with post-judgment discovery requests, despite multiple extensions allowed by plaintiff and an order from this Court. In light of Attorney Del Cueto-Pérez and Attorney Pérez-Lebrón's assertions that their representation has been "rendered unreasonably difficult by the client," the Court thinks it likely that permitting both of defendants' attorneys to withdraw, without any affirmative commitment by defendants to retain new counsel, would only further encourage defendants to evade their obligations to this Court and prejudice plaintiff's ability to execute her judgment. Accordingly, the motions by both

Attorney Del Cueto-Pérez and ECIJA SBGB, (Docket No. 302), and Attorney Pérez-Lebrón, (Docket No. 304), for leave to withdraw as counsel are **DENIED**.

**C. Conclusion**

For the foregoing reasons, the Court's prior Order at Docket No. 303 is **VACATED.** The motions by Attorney Del Cueto-Pérez and ECIJA SBGB, (Docket No. 302), and Attorney Pérez-Lebrón, (Docket No. 304), for leave to withdraw as counsel are **DENIED.**

Additionally, plaintiff's motion for an order to show cause why defendants should not be sanctioned for failure to comply with the Court's discovery order, (Docket No. 306,) is **GRANTED.** Defendants are **ORDERED TO SHOW CAUSE no later than October 28, 2026** why they should not be sanctioned with contempt of court, monetary sanctions, and an order to pay the reasonable attorney's fees and costs of plaintiff caused by their non-compliance with the Court's discovery order. If defendants fully respond to plaintiff's post-judgment discovery requests **no later than October 28, 2026**, sanctions may be vacated.

A copy of this Opinion and Order shall be mailed to Mr. Enrique Del Cueto-Pérez at his address of record.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 14, 2026.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE